STATE *v.* S. L. WHITSON.

(*Nashville.* December Term, 1928.)

Opinion filed July 19, 1929.

NAT TIPTON, Assistant Attorney-General, for the State.

CONNOR BATES, C. B. STEPHENSON and R. P. BROWN, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The State appeals from a judgment sustaining a motion to quash an indictment for forgery against a member of a partnership alleged to have endorsed the partnership name on a note to the prejudice of the other member of the partnership. The partnership was composed of the defendant and one Shouse, the partnership name being Shouse & Whitson. The question is whether a member of a partnership may be indicted for forgery for endorsing an instrument in the name of the partnership. That is, whether or not the offense of forgery is committed when a member of a partnership endorses a negotiable instrument in the partnership name without the knowledge and consent of the other partner.

Learned counsel for the State in their brief, say: "Diligent search upon this question reveals but two cases precisely in point. These cases are diametrically opposed to each other. In the case of *Rex* v. *Holden,* 1 K. B., 483, it was held that such action constituted forgery. Upon the other hand, in *Comm.* v. *Brown,* 10 Phila. (Pa.), 184, the converse was held. *Rex* v. *Holden, supra,* is reported in Annotated Cases, 1912-B, 700, and in a note to this case there is given a sufficient excerpt from *Comm.* v. *Brown, supra,* to enable the court to follow the reasoning of the court delivering that opinion. Nothing can be gained by a repetition of the reasoning in the two cases. The contentions in support of each line of reasoning are fully set out in the opinions themselves, and this case is submitted to the Court upon this question."

We have examined the two cases referred to and are satisfied with the reasoning and conclusion of the Pennsylvania Court. Whether or not there was a purpose to defraud his partner, the defendant cannot be said to have committed forgery in signing the partnership name in the

transaction which exceeded the scope of the partnership business.

Our statutory definition of forgery is the same as the common-law definition. In 26 Corpus Juris, page 698, it is said that, "a partner cannot be indicted for forgery of an instrument with intent to defraud the co-partnership." Other authorities are to the same effect. Moreover, we are of opinion that the uniform partnership act has application. We quote from Section 9, Part 3 (Chap. 140, Acts of 1917):

"Every partner is an agent of the partnership for the purpose of its business, and the Act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority."

While under the conditions stated the act of a partner in signing the partnership name will not bind the partnership, it cannot be said that he commits the offense of forgery in thus exceeding his authority.

The judgment is affirmed.